IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| B-R PENN REALTY OWNER, LP.,<br>Defendant. | NO.  21-0502 |

### MEMORANDUM OPINION

On March 2, 2023, following a bench trial, the Court found Defendant defaulted on its obligations under a Multifamily Note executed with Berkadia Commercial Mortgage LLC on October 14, 2011.  Pursuant to the provisions of the Note: "If an Event of Default has occurred and is continuing, the entire unpaid principal balance, any accrued interest, . . . and all other amounts payable under this Note and any other Loan Document, will at once become due and payable[.]"  Additionally, default interest "accrue[s] on the unpaid principal balance" from the Event of Default "at the Default Rate," which is defined as "an annual interest rate equal to 4 percentage points above the Fixed Interest Rate" of 4.24%.  Pursuant to the Note, Defendant must also "pay all expenses and costs, including Attorneys' Fees and Costs incurred by Lender as a result of any default under this Note. . . . "  These "lender expenses" are recoverable.  *See Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482-83 (Pa. 2009) (Attorneys' fees are recoverable under Pennsylvania law if "there is . . . a clear agreement of the parties. . . .").

During the bench trial, Plaintiff introduced trial exhibits detailing "per diem" rates of interest and default interest so that those portions of any damages award could be calculated as of the date of the Court's eventual Order deciding liability.  However, because Plaintiff's lender expenses were not similarly "calculable by a fixed amount," the Court deferred entering damages in its March 2 Order and requested Plaintiff submit revised lender expenses updated to include

amounts incurred between its initial submissions and March 2, 2023. Plaintiff did so and provided to the court what it labelled as a "Payoff Statement" for a total of $51,392,086.96 which included the following amounts:

> **Principal**: $41,533,183.82;
> 
> **Interest (accrued 3/1/20-3/2/23)**: $5,366,179.65;
> 
> **Default Interest (accrued 10/1/20-3/2/23)**: $4,074,866.81;
> 
> **Lender Expenses**: $464,874.17;
> 
> **Administrative Fees**: $1,750.00; and
> 
> **Credit for Funds in Suspense**: -$48,767.49.[1]

Defendant objects to the addition of $187,694.72 in lender expenses incurred subsequent to May 2022 and included in Plaintiff's revised calculation. Defendant argues that post-trial supplemental information regarding damages could only be submitted pursuant to Federal Rule of Civil Procedure 52(b), which permits the Court to make amended or additional findings of fact "[o]n a party's motion filed no later than 28 days after the entry of judgment[.]" The Court, Defendant argues, had no authority to request an updated damages calculation *sua sponte*, and any request by Plaintiff itself is now untimely. Defendant does not otherwise argue that damages should be calculated as of the May 2022 trial date and does not object to using the per diem rates to award damages that include interest accrued as of March 2, 2023.

Contrary to Defendant's contention, Rule 52(b) does not provide the sole avenue for post-bench trial submissions, and the Court's request was within its discretion. *See Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 229 (3d Cir. 2004) ("Great flexibility is accorded the District Court in its determination to supplement the record, though it must avoid

---

[1] In a footnote Defendant states that it "generally objects to the award of damages in favor of Plaintiff based on counterclaims and defenses asserted by Defendant throughout this litigation including Plaintiff's material breach of the loan documents and Forbearance 2 Agreement," but provides no arguments or legal analysis in support of this assertion.

perpetrating any type of injustice in so doing."); *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1215 n.4 (3d Cir. 1993) ("[I]t is within the district court's broad discretion whether and when to request proposed findings of fact and conclusions of law. . . ."); *see also Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971) ("To have permitted Zenith to perfect its proof [of damages] would, of course, have required reopening of the record. . . . The trial judge here might have permitted reopening."); *J. W. Paxson Co. v. Bd. of Chosen Freeholders of Cumberland Cnty.*, 201 F. 656, 662 (3d Cir. 1912) (holding that the district court was "fully justified" in reopening the record "to permit plaintiff to supplement its proof of damage . . . for the purpose of satisfying its own judgment and conscience as to the important question of damages" where "there [was] no suggestion that injustice or injury was done the defendant"); *Bistrian v. Levi*, 448 F. Supp.3d 454, 483 (E.D. Pa. 2020) ("District courts have broad discretion to reopen the record to take new evidence, which may occur on motion of a party or *sua sponte*.").

Here, Defendant was not prejudiced by Plaintiff's submission of updated lending expenses. Defendant had—and took—the opportunity to object to these revised calculations. Nor was Defendant blindsided—the Court indicated during trial, as reflected on page 29 of the Trial Transcript Defendant cites in ECF No. 71, that damages would be calculated as of the date of its Order entering judgment and updated documentation of damages might be requested. Lender expenses incurred subsequent to May 2022 will therefore be considered and included in determining Plaintiff's damages.

                                                   **BY THE COURT:**

                                                   **/S/WENDY BEETLESTONE, J.**

                                                   **WENDY BEETLESTONE, J.**