IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| B-R PENN REALTY OWNER, LP.,<br>Defendant. | NO. 21-0502 |

## MEMORANDUM OPINION

Defendant B-R Penn Realty Owner, LP ("Penn Realty") has filed an emergency Motion to Quash Plaintiff U.S. Bank National Association's ("U.S. Bank") Writ of Execution following foreclosure on its property located at 640 North Broad Street in Philadelphia, Pennsylvania, which is currently set to be sold on January 22, 2024. For the reasons that follow, Penn Realty's motion will be denied.

### I. BACKGROUND

U.S. Bank sued to foreclose on a $46 million mortgage loan made to Penn Realty after it failed to resume payments following a six-month forbearance. ECF No. 1 at ¶ 36 ("Accordingly, Lender brings this action to foreclose the Mortgage."); *id.* at 9 ("WHEREFORE, Lender asks that a judgment in mortgage foreclosure be entered in its favor . . . ."). Following a bench trial, the Court ruled for U.S. Bank, concluding that Penn Realty breached the mortgage agreement. When Penn Realty tried to appeal to the United States Court of Appeals for the Third Circuit, the appeal was dismissed for lack of jurisdiction. This Court then entered judgment in favor of U.S. Bank in the amount of $51,392,086.96. Penn Realty planned to appeal the Judgment, and moved to stay it pending appeal, which the Court granted "only upon Defendant filing a supersedeas bond in the amount of $2,500,000.00 with the Clerk of Court." No such supersedeas bond has been filed.

On September 15, 2023, with no supersedeas bond filed to stay the judgment, U.S. Bank filed a "praecipe for writ of execution—mortgage foreclosure." It requested that the U.S. Marshal, "[t]o satisfy the judgment, interest and costs" against Penn Realty, "levy upon and sell the property located at 640 North Broad Street in Philadelphia, PA." The praecipe includes an affidavit filed "pursuant to [Fed. R. Civ. P.] 69(a) and Pa. [R. Civ. P.] 3129.1." A writ of execution signed by the Deputy Clerk of Court was issued a week later on September 22, 2023. According to a process receipt and an affidavit filed by the managing member of Penn Realty's general partner, Eric Blumenfeld, the U.S. Marshal served the writ on Laura Cordaro, his wife, at their home in Gladwyne, Pennsylvania on November 2, 2023. Cordaro is not a member, employee, or authorized agent of Penn Realty.

The U.S. Marshal originally scheduled a public sale of the property for January 3, 2024. Over two months after the issuance the writ of execution, Penn Realty filed an emergency Motion to Quash it, arguing that: (1) U.S. Bank had to, but failed to, get a Court order directing the sale of the property at issue because it improperly relied on Federal Rule of Civil Procedure 69(a); and, (2) even if reliance on Rule 69(a) was proper, service on Cordaro was improper. ECF No. 84. The Court held hearings on the motion on December 20, 2023 and January 16, 2024. The sale was rescheduled for January 22 after the Court denied Penn Realty's original motion to quash without prejudice. According to an affidavit from its counsel, on December 21, 2023, U.S. Bank emailed and mailed Penn Realty's counsel a copy of the two documents that were served on Cordaro: (1) the praecipe for writ of execution; and, (2) the writ of execution, signed by the Deputy Clerk of Court (together, the "writ package").

Penn Realty's second motion to quash is the subject of this opinion.

## II. DISCUSSION

For the following reasons, Penn Realty's motion will be denied because U.S. Bank's service of the writ of execution was proper, and it has complied with the relevant state and federal laws.

U.S. Bank's attempt to foreclose on Penn Realty's property implicates an interlocking set of state and federal procedural rules. Federal Rule of Civil Procedure Rule 69(a) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located"—here, Pennsylvania—"but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Two such statutes are implicated here. First, "[a]ny realty or interest therein sold under any order or decree of any court of the United States shall be sold . . . at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located . . . ." 28 U.S.C. § 2001(a). "Such sale shall be upon such terms and conditions as the court directs." *Id.* Furthermore, "[a] public sale of realty . . . under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." *Id.* § 2002.

### A. The Writ Was Properly Served

As a preliminary matter, Penn Realty argues that service on Cordaro via the U.S. Marshal was improper, pointing the Court to Pennsylvania Rule of Civil Procedure 423, which limits service on partnerships to: (1) partners, officers, and registered agents of a partnership; (2) agents of the partnership authorized in writing; and, (3) the partnership's managers or other people in

3

charge of its regular place of business, and Pennsylvania Rule of Civil Procedure 3182, which says that service in foreclosure actions "shall be made by the sheriff." Pa. R. Civ. P. 423, 3182. Because none of these categories covers Cordaro, and the writ was served by the U.S. Marshal and not the sheriff, Penn Realty argues that the writ must be quashed.

Rule 423, however, applies only to "original process," *id.* 423, *i.e.*, "any writ or notice by which a defendant is called upon to appear and answer the plaintiff's declaration," *Process*, Black's Law Dictionary (11th ed. 2019). The writ of execution, however, is better thought of as final process—"process issued at the conclusion of a judicial proceeding; esp[ecially], a writ of execution." *Id.* For service of non-original process such as the writ of execution, Pennsylvania Rule of Civil Procedure 440, which directs parties to serve one another "by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record," governs. Pa. R. Civ. P. 440(a)(1). That rule was complied with when U.S. Bank mailed the writ package to Penn Realty's counsel on December 21, 2023.

That the U.S. Marshal served the writ instead of the sheriff does not affect the outcome either. True, Rule 3182 plainly requires service to be made "by the sheriff." *Id.* 3182. But it is well established that in this posture, the U.S. Marshal can stand in for the sheriff. The Supreme Court recognized over a century ago that, given our nation's "dual court system," *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970), it was important to allow for some flexibility in substituting certain actors between the state and federal courts:

> [T]he necessity for some play in adapting the state procedure to the practice of the federal courts. Certain things must be changed. The officer issuing the writ of execution must be the United States clerk, the officer executing it must be the marshal, and not the sheriff, the name of the court must be different, and it is but a reasonable and obvious consequence that the place of the proceedings generally shall be at the federal courthouse instead of at the state courthouse.

4

*Yazoo & M.V.R. Co. v. City of Clarksdale*, 257 U.S. 10, 24-25 (1921).  Thus, the *Yazoo* Court "rejected a challenge to a marshal's sale of personalty asserted to be void because the transaction occurred at the federal courthouse, rather than at the state courthouse as required by local law." *United States v. Capobianco*, 836 F.2d 808, 816 (3d Cir. 1988) (citing *Yazoo*, 257 U.S. at 18).

That "necessity for some play" between state and federal law has been applied to "the choice of law approach within Rule 69(a)."  *Lobster 207, LLC v. Pettegrow*, 2023 WL 5604458, at *10 (D. Me. Aug. 30, 2023) (citations omitted); *see also Prudential Ins. Co. of Am. v. Ramad 34*, 1999 WL 497228, at *1 & n.2 (E.D. Pa. July 8, 1999) (noting, notwithstanding the settlement agreement's provision that a property "would be sold at 'sheriff's' sale," based on *Yazoo*, "[a]n execution sale on a federal court judgment is conducted by the U.S. Marshal[], not by a sheriff"). Multiple circuit courts, including the Third Circuit, have emphasized the special importance of that flexibility to Rule 69(a).  *Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("[A]pplying every jot and tittle of [state] procedural law and applying every jot and tittle of federal procedural law are not the only alternatives. . . .  We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin."); *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 (3d Cir. 1988) (citations omitted) ("[R]eliance on state procedure must not thwart the supremacy of federal law and substantial compliance with the state procedure may be sufficient."); *Duchek v. Jacobi*, 646 F.2d 415, 418 (9th Cir. 1981) ("The principal error . . . is the assumption that state law must be applied in a hypertechnical manner in rule 69(a) proceedings.  We are not free to pursue such a literalism under rule 69(a) because state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice."

5

(internal quotation marks and citation omitted)).  In light of this jurisprudence, the Court holds that service via the U.S. Marshal was not inconsistent with Rule 3182.

This conclusion is consistent with the role that service of process rules play in the court system.  Giving parties fair notice of proceedings against them is required by the Due Process Clause.  *E.g.*, *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) ("[T]he core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard."); *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) ("Due process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all the required information, and permits a reasonable time for a response.'" (quoting *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995))); *see Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972).  In light of Penn Realty's receipt of the writ package on December 21, 2023 and the Court's multiple hearings on the issue, it cannot reasonably be questioned that Penn Realty has long been on notice to sell the property on which U.S. Bank has foreclosed.  Thus, U.S. Bank has property served the writ,[1] and Penn Realty's Motion to Quash will be denied on this ground.

### B. Proceeding Under Rule 69(a) Is Proper

Penn Realty also argues that a judgment in mortgage foreclosure is not a money judgment, so Rule 69(a) is irrelevant here.  No binding precedent holds as much, and on these facts, it does not affect the outcome of the case.  Indeed, courts are split on whether Rule 69(a), which discusses "money judgment[s]," reaches mortgage foreclosures.  *Compare United States v. Petty Motor Co.*, 767 F.2d 712, 715 (10th Cir. 1985) ("[A] judicial sale on a mortgage foreclosure is not the same as execution on a judgment."), *with State Farm Mut. Life Assur. Co.*

---

[1] Penn Realty does not otherwise challenge U.S. Bank's compliance with Pennsylvania's myriad rules for executing judgments of mortgage foreclosure.

of Am. v. N. Hotel Assocs., 1991 WL 114600, at *2 n.2 (E.D. Pa. June 20, 1991) (characterizing *Petty Motor* as inconsistent with the majority of courts' interpretation of Rule 69). That said, many district courts within the Third Circuit have applied Rule 69(a) to mortgage foreclosures or related proceedings. *See, e.g.*, *United States v. Hosfelt*, 2011 WL 5325612, at *1 (M.D. Pa. Nov. 3, 2011); *Jefferson Bank v. Blair*, 1998 WL 437269, at *1 (E.D. Pa. July 30, 1998); *N. Hotel Assocs.*, 1991 WL 114600, at *2. And while Penn Realty cites several mortgage foreclosure cases proceeding via a judicial sale under Section 2001(a), none holds that a writ of execution issued pursuant to Rule 69(a) cannot be used for that purpose if the state and federal statutes it refers to are separately complied with. Because that is the case here, the exact breadth of the term "money judgment" in Rule 69(a) is academic, and U.S. Bank's reliance on that rule is no bar to the sale proceeding.

### C. U.S. Bank Has Complied with Federal Law

Penn Realty disagrees with that conclusion, arguing that allowing the sale to go forward would be inconsistent with Section 2001(a) because the writ of execution does not "order or decree . . . . any sale of realty and provides none of the 'direction' required under" that statute.

Penn Realty errs in two respects. First, the Clerk of Court's issuance of the writ of execution was an "order" for purposes of Section 2001(a). The Federal Rules of Civil Procedure describe the clerk of court's power to "issue process" as one of several "[o]rders" it may issue. Fed. R. Civ. P. 77(c)(2). The writ was such process. *See* 72 C.J.S. *Process* § 1 (Aug. 2023 Update) ("'Process' and 'writ' or 'writs' are synonymous, in the sense that every writ is a process . . . ."). No additional court order was necessary. Second, no other "terms and conditions" for the sale were needed. 28 U.S.C. § 2001(a). The plain text of Section 2001(a) merely mandates compliance with any conditions of sale that the court requires. Including any

7

such conditions beyond those set out in Sections 2001 and 2002, however, is a matter of discretion.  *Cf. United States v. Branch Coal Corp.*, 390 F.2d 7, 9 & n.2 (3d Cir. 1968).  Failure to include such conditions is not a ground to stop this sale.  Penn Realty does not dispute that U.S. Bank has otherwise complied with the conditions laid out in Sections 2001 and 2002, and that is all that it need do as far as Rule 69(a) is concerned.

### III.   CONCLUSION

For the foregoing reasons, Penn Realty's Motion to Quash is denied.  An appropriate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**